KIRBY AISNER & CURLEY LLP
*Proposed Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500
Julie Cvek Curley, Esq.
jcurley@kacllp.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

ISAAC C. SUTTON,

                              Debtor.
----------------------------------------------------------X

Presentment Date: June 23, 2026
Presentment Time: 12:00 p.m.

Chapter 11
Case No. 26-42788-jmm

### NOTICE OF PRESENTMENT OF APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION OF KIRBY AISNER & CURLEY LLP AS ATTORNEYS FOR THE DEBTOR

**PLEASE TAKE NOTICE,** that upon the application (the "Application")[1] of Isaac C. Sutton, the above-captioned debtor and debtor-in-possession ("Debtor"), for entry of an order authorizing the Debtor's retention of Kirby Aisner & Curley, LLP as his attorneys pursuant to 11 U.S.C. §327(a), the proposed Order annexed as Exhibit E to the Application will be presented by the undersigned for approval and signature to the Honorable Jil Mazer-Marino, Chief United States Bankruptcy Judge, Eastern District of New York (Brooklyn Division), on the **23rd day of June, 2026**.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief requested in the Application must be made in writing, filed with the Court on the Court's Electronic Case Filing System, at www.ecf.nyeb.uscourts.gov (login and password required), with a copy delivered directly to Chambers and served upon Kirby Aisner & Curley, LLP, Proposed Attorneys for the

---

[1] Capitalized terms used herein not otherwise defined shall have the meaning ascribed to them in the Application.

Debtor, 700 Post Road, Suite 237, Scarsdale, New York 10583, Attn: Julie Cvek Curley, Esq., so as to be received before the Presentment Date.

**PLEASE TAKE FURTHER NOTICE,** that in the event that an objection is received, the Court may hold a hearing with respect to the signature of this Order, and the undersigned will inform any party filing an objection as to the date and time of the hearing.

Dated: Scarsdale New York
June 9, 2026

KIRBY AISNER & CURLEY LLP
*Proposed Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500

By: */s/ Julie Cvek Curley*
Julie Cvek Curley, Esq.

KIRBY AISNER & CURLEY LLP
*Proposed Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500
Julie Cvek Curley, Esq.
jcurley@kacllp.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

ISAAC C. SUTTON,

                                 Debtor.
----------------------------------------------------------X

Chapter 11
Case No. 26-42788-jmm

**APPLICATION TO EMPLOY AND RETAIN KIRBY AISNER & CURLEY, LLP
AS ATTORNEYS FOR DEBTOR EFFECTIVE AS OF JUNE 5, 2026**

ISAAC C. SUTTON, the above captioned debtor and debtor-in-Possession (the "Debtor"),

files this Application (the "Application") seeking entry of an order authorizing the Debtor's

retention of Kirby Aisner & Curley, LLP ("KAC") as his attorneys in the above captioned chapter

11 case. In support of his Application, the Debtor submits the Declarations of (i) Julie Cvek Curley,

Esq. (the "Curley Declaration", annexed as **Exhibit A**), (ii) Ovadia Harary (the "Harary

Declaration", annexed as **Exhibit B**), (iii) Miro Sutton (the "Miro Declaration", annexed as

**Exhibit C**), and (iv) Mosie Sutton aka Moses Sutton (the "Moses Declaration", annexed as

**Exhibit D**), and respectfully alleges as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. Sections

157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. Section 157(b)(2). Venue

is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

2.    The statutory basis for relief requested herein in section 327(a) of 11 U.S.C. §§101, et seq. (the "Bankruptcy Code"), Rules 2014(a) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York ("Local Rule(s)").

## BACKGROUND

3.    On June 5, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Eastern District of New York (the "Chapter 11 Case").

4.    The Debtor has continued in possession of his property and the management of his business affairs as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.    No trustee, examiner, or statutory committee has been heretofore appointed in this Chapter 11 Case.

6.    The Debtor is an individual residing at 1576 E5th Street, Brooklyn, New York 11230.

## RELIEF REQUESTED

7.    The Debtor seeks to retain KAC as his attorneys to prosecute his Chapter 11 Case and all related matters, effective as of June 5, 2026. Accordingly, the Debtor requests entry of an order pursuant to Bankruptcy Code § 327(a) and Bankruptcy Rules2014(a) authorizing the Debtor to employ and retain KAC as his attorneys to perform services necessary in the Chapter 11 Case.

8.    The professional services KAC will render to the Debtor include the following:

   a. To give advice to the Debtor with respect to his powers and duties as Debtor-in-Possession and the continued management of his property and affairs.

   b. To negotiate with creditors of the Debtor and work out a plan of reorganization and

take the necessary legal steps in order to effectuate such a plan including, if need be, negotiations with the creditors and other parties in interest.

c. To prepare the necessary answers, orders, reports and other legal papers required for the Debtor's protection from his creditors under Chapter 11 of the Bankruptcy Code.

d. To appear before the Bankruptcy Court to protect the interest of the Debtor and to represent the Debtor in all matters pending before the Court.

e. To attend meetings and negotiate with representatives of creditors and other parties in interest.

f. To advise the Debtor in connection with any potential refinancing of secured debt.

g. To represent the Debtor in connection with obtaining post-petition financing, if necessary.

h. To take any necessary action to obtain approval of a disclosure statement and confirmation of a plan of reorganization.

i. To perform all other legal services for the Debtor which may be necessary for the preservation of the Debtor's estate and to promote the best interests of the Debtor, his creditors and his estate.

9. In the event an Adversary Proceeding ("AP") is required to be filed on behalf of the Debtor or is filed against the Debtor in this Chapter 11 Case, the representation of the Debtor in the AP may not be included within KAC's scope of services. The purpose of the language in the retainer agreement limiting representation in an AP is that an AP could include areas of law that require a specialist (such as labor law, medical malpractice tort, construction litigation, etc.). The Debtor's litigation needs, if any, will be reviewed on a case-by-case basis, and if the Debtor chooses to seek retention of KAC or other special counsel in the AP, the Debtor will seek the appropriate authority from both the Office of the United States Trustee and the Court for any post-petition third party retainer payments, and/or any supplement to the Debtor's Application or an Application for additional Special Counsel.

10.     The Debtor has selected KAC for the reason that KAC has extensive experience in proceedings before this Court and is well suited to represent the Debtor in the instant proceedings. The attorneys of KAC have been actively involved in many chapter 11 cases and have represented many chapter 11 debtors.

11.     To the best of the Debtor's knowledge, KAC does not hold or represent any interest adverse to the Debtor's estate, KAC is a "disinterested person" as defined in Bankruptcy Code §101(14), and KAC's employment is necessary and in the best interest of the Debtor and his estate as stated in the Curley Declaration annexed as Exhibit A.

12.     Subject to Court approval, compensation will be paid to KAC for services provided on an hourly basis plus reimbursement of actual, necessary expenses incurred.  KAC's 2026 hourly rates for matters related to this Chapter 11 Case are as follows:

| | |
|---|---|
| Partners | $550-625 |
| Associates | $400-525 |
| Law Clerks | $250 |
| Paraprofessionals | $175 |

13.     The hourly rates above are subject to periodic adjustment to reflect economic and other conditions.   The hourly rates above are standard, if not below standard rates for work of this nature.  These rates are designed to fairly compensate KAC for the work of its attorneys and paralegals and to cover fixed routine overhead expenses.

14.     The KAC Firm received $36,738.00 in conjunction with the preparation and filing of this Chapter 11 Case, which was funded by the Debtor in the amount of $3,000, and by the Debtor's son-in-law, Ovadia Harary ("Harary"), in the amount of $33,738.00, which subsequently reimbursed by the Debtor's sons, Miro Sutton ("Miro") and Moses Sutton ("Moses"), as set forth in the Harary Declaration, Miro Declaration, and Moses Declaration annexed as Exhibits B, C, and D, respectively. After application of the payment to contemporaneous billings and the chapter

11 filing fee totaling $11,968.00, the balance on the Petition Date is $24,770.00 ("Pre-Petition Retainer") which is being separately held and will be applied to fees and reimbursement of expenses only after the fees and expenses are approved and awarded to KAC by this Court.

15.     As set forth herein, in the Harary Declaration, Miro Declaration, Moses Declaration, and in the Curley Declaration, the third-party payment by Ovadia Harary satisfies the *Lar Dan* factors since (1) the payment arrangement has been fully disclosed to the Debtor, Harary, Miro and Moses; (2) by signing and filing this Application, the Debtor expressly consents to the arrangement; (3) Harary, Miro, and Moses was encouraged to retain independent legal counsel and understands that KAC's duty of undivided loyalty is owed exclusively to the Debtor and not to Harary, Miro, or Moses; (4) the factual and legal relationship among the Debtor, Harary, Miro, Moses, and KAC, and their contractual arrangement concerning the fees, is fully disclosed to the Court and all parties in interest in this Application and the Harary Declaration, Miro Declaration, and Moses Declaration at the outset of the Debtor's bankruptcy representation; (5) KAC has demonstrated and represented the absence of facts which otherwise create non disinterestedness, actual conflict, or impermissible potential for a conflict of interest. *See In re Lar Dan Enterprises, Inc.*, 221 B.R. 93, 96 (Bankr. S.D.N.Y. 1998)

16.     KAC has not received any other retainer payments in connection with its representation of the Debtor in this Chapter 11 Case. KAC will be paid for the legal services rendered upon application duly filed and approved by this Court pursuant Bankruptcy Code §§330 and 331.

**WHEREFORE**, the Debtor respectfully request entry of the Order annexed hereto as **Exhibit E** authorizing him to employ and retain Kirby Aisner & Curley, LLP to represent him in this proceeding under Chapter 11 of the Bankruptcy Code, effective as of June 5, 2026, together

with such other and further relief as appears just to this Court, for all of which no previous application has been made.

Dated: Scarsdale, New York
June 4, 2026

/s/ Isaac C. Sutton
ISAAC C. SUTTON