KIRBY AISNER & CURLEY LLP
*Proposed Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500
Julie Cvek Curley, Esq. (jcurley@kacllp.com )

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

                                                 Chapter 11

ISAAC C. SUTTON,                             Case No. 26-42788-JMM

                       Debtor.
------------------------------------------------------------X

## DECLARATION OF ISAAC C. SUTTON PURSUANT
## TO E.D.N.Y. LOCAL BANKRUPTCY RULE 1007-4

**TO:    HONORABLE JIL MAZER-MARINO,
        UNITED STATES BANKRUPTCY JUDGE**

      ISAAC C. SUTTON, hereby declares, pursuant to 28 U.S.C. §1746 as follows:

      1.      I am the above captioned chapter 11 debtor and debtor-in-possession. The factual statements in this Declaration are based on my personal knowledge and if called and sworn as a witness, I could and would testify completely thereto. I submit this Declaration pursuant to Rule 1007-4 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York ("Local Rule(s)").

**Local Rule 1007-4(a)(i)-(ii):**

      2.      I am not a small business debtor or single asset real estate debtor within the meaning of §101(51D) or (51B) of the United States Code (the "Bankruptcy Code").

**Local Rule 1007-4(a)(iii)**

      3.      I am an individual residing at 1576 E5th Street, Brooklyn, New York 11230 (the "Primary Residence") which I own with my wife, Alisa Sutton.

4.      Between 1991 to 2009, I worked as a stockbroker at Middlegate Securities, Ltd ("Middlegate"), a FINRA-registered broker-dealer, with my brother, Albert Sutton. In 2009, due to chronic cardiovascular degeneration and following an aortic dissection procedure, I became disabled and unable to work. I receive monthly disability benefit payments from Unum Group in the approximate amount of $20,000 under a private disability insurance policy.

5.      What started as me stepping in to help my father, Mayer Sutton ("Mayer"), whose health was declining, resolve a dispute with Frieda Hamway, Rachelle Jemal, Judith Susan Paskie, Gail Maslaton, and Joan Sitt (collectively, the "Hamway Group"), has spiraled into me being at the epicenter of the Hamway Group's relentless tornado of litigation destruction which has left me in debt and my Primary Residence in foreclosed. After my attempts to try to settle with the Hamway Group were left without any response, I filed this Chapter 11 Case seeking a reprieve from the relentless litigation and to reorganize my financial affairs.

*The Hamway Group Investment*

6.      The Hamway Group is comprised of the the wife and daughters of Albert Hamway, and upon his passing, his assets valued at approximately $10.5 million were left to the Hamway Group through Marcal Finance SA and Bellpond Investment SA (collectively, the "Marcal Companies"), société anonyme companies organized under the laws of the Republic of Panama.

7.      In or about 2006, Mayer provided advice to the Hamway Group on how to handle the monies held by the Marcal Companies in Swiss bank accounts. Thereafter approximately $10.5 million was deposited by the Hamway Group into certain investment accounts in Switzerland managed by Atlas Capital SA ("Atlas"), a Geneva, Switzerland based private wealth management firm. [1]

---

[1] In 2013, Atlas was acquired by and merged with Mirelis Holding SA ("Mirelis"), another Geneva, Switzerland based financial institution, which became the shareholders of Hyposwiss Private Bank Genève S.A. ("Hyposwiss") in 2014.

8. In early 2013, the Hamway Group raised concerns regarding where the Marcal Companies' monies were placed, maintained, invested, and transferred, and the Hamway Group demanded return of their investments. Since my father's health was starting to decline at that time, I became the point of contact with the Hamway Group.

9. In the fall of 2013, the Hamway Group and Marcal Companies' monies in the Swiss bank accounts was frozen. I believe that the accounts were frozen under the *Swiss Bank Program* between the U.S. Department of Justice and Switzerland which was account on August 29, 2013 and allowed Swiss banks to resolve potential criminal liabilities in the United States if they had reason to believe that they had committed tax-related criminal offenses in connection with undeclared U.S.-related accounts.[2]

10. I informed Joe F. Tawil ("Tawil"), a relative of the Hamway Group who was acting on their behalf, of this development and he became indignant and threaten to sue the entire Sutton family. Shortly afterwards the entire Sutton family received legal demand letters from the Hamway Group. They then proceeded to hire a private investigator to trail Sutton family members. The threats continued and increased in severity unless my father and myself signed a "settlement agreement" with them. My father persuaded me to sign the "settlement agreement" in April 2015 to avoid harm to our family (the "Hamway Settlement Agreement").

11. The Hamway Settlement Agreement provided that myself and Mayer (the "Suttons") coordinate (i) payment of $6,916,400 to the Hamway Group, and (ii) $750,000 to be deposited into an escrow account and its distribution to be determined by an arbitrator. Although the Hamway Settlement Agreement stated that the Suttons were to pay the funds to the Hamway

---

[2] On or about October 29, 2015, it was announced that Hyposwiss reached a resolution with the U.S. under the *Swiss Bank Program*, and on July 24, 2018, it was announced that Mirelis had also reached a resolution with the U.S. under the *Swiss Bank Program.*

3

Group, it was the understanding of all the parties that Suttons were coordinate the remittance of funds to the Hamway Group of their own funds held in their Swiss bank accounts, owned by the Hamway Group and the Marcal Companie.

12. The Hamway Settlement Agreement acknowledged that $4,047,758 was received by them between September 2014 and April 2015, which was funded from the Swiss bank accounts belonging to the Marcal Companies. The remaining $3,618,642 to be paid to the Hamway Group was to be funded from Hamway Group's Swiss bank accounts. However, the remaining $3,618,642 due to the Hamway Group could not be funded since the funds in their bank accounts maintained at Hyposwiss were frozen.

*The Hamway Group Lawsuits and Collection Proceedings*

13. When the Hamway Group's Swiss bank accounts became frozen and my father was not able to withdraw the funds from to remit to them under the Settlement Agreement, the Hamway Group held us in default, and thereafter the barrage of litigation ensued. The Hamway Group commence five (5) separate state court actions, with four related appellate proceedings, and an arbitration proceeding.

14. First, on October 6, 2015, the Hamway Group commenced an action against myself and others, *inter alia*, related to the investments on behalf of the Hamway Group. The action is captioned *Frieda Hamway, et al. v. Isaac Sutton, et al.,* No. 653336/2015 (Sup. Ct. N.Y. Co.)(the "Hamway Action").

15. Second, the following day, on October 7, 2015, the Marcal Companies initiated a parallel action related to the same underlying dispute and seeking identical damages as in the Hamway Action. This action is captioned *Marcal Finance SA, et al. v. Isaac Sutton, et al,* No. 653351/2015 (Sup. Ct. N.Y. Co.) (the "Marcal Action"). The Marcal Action is still pending, with

extensive motions practice, numerous appeals prosecuted, and a trial tentatively scheduled for February, 2027.

16.    Third, on March 28, 2016, the Hamway Group commenced an Arbitration Proceeding related to the alleged default of the Hamway Settlement Agreement captioned *Frieda Hamway, et al. v. Isaac Sutton*, JAMS Ref. No. 1425020868 (the "Arbitration Proceeding"). Given that the Arbitrator was limited to enforcing the terms of the Settlement Agreement and not the validity of the claims asserted by the Hamway Group, on August 11, 2016, a Final Award was entered in the Arbitration Proceeding based upon my default under the Hamway Settlement Agreement and awarded the Hamway Groups damages in the amount of $3,618,642.00, plus 10% interest commencing on June 14, 2015, and attorneys' fees and expenses in the amount of $225,673.73, plus 9% interest commencing on August 25, 2017 (the "Arbitration Award").

17.    After obtaining the Arbitration Award, the Hamway Group obtained confirmation of the award by the Court in the Hamway Action, and on May 2, 2018, judgment was entered against me in the amount of $4,902,825.55 in favor of the Hamway Group (the "Hamway Judgment").

18.    The entry of the Hamway Judgment resolved the causes of action alleged in the Hamway Action against me. The Hamway Judgment is not based upon any finding or determinations regarding the Hamway Group's allegations, rather it is based solely upon the Arbitration Award which finds me in default under the Settlement Agreement.

19.    For over ten (10) years now, the Hamway Group has made allegations against me of impropriety, mismanagement, fraud, or conversion. There have been no findings or determinations by any Court sustaining the Hamway Group's allegations. To the contrary, the Hamway Group has continued to make these allegations in their proceedings to collect the Hamway Judgment, only for these allegations to be determined as unfounded and their requests to

5

be systematically overruled.

20. Subsequent to the entry of the Hamway Judgment, since 2018 the Hamway Group have engaged in aggressive, extensive, protracted judgment collection efforts.

21. On November 8, 2018, the Hamway Group commenced a fraudulent conveyance action to collect upon the Hamway Judgment captioned *Frieda Hamway, et al. v. Isaac Sutton, as Trustee of The Isaac C.M. Sutton 1999 Investment Trust, et al,* No. 522641/2018 (Sup. Ct. Kings Co.) (the "Fraudulent Conveyance Action"). After discovery failed to establish any basis of the claims against defendants Moses Sutton and Freida Sutton (my son and his wife), the Hamway Group discontinued with prejudice against them. Thereafter, the Fraudulent Conveyance Action was settled on or about April 3, 2023 upon the commencement of trial, in exchange for thirteen (13) paintings and the stock of Middlegate Hadas Arazim, LLC (both owned by The Isaac C.M. Sutton 1999 Investment Trust) to the Hamway Group, which I believe have little to no value.

22. Since 2018, the Hamway Group has taken steps to improperly restrain my disability insurance benefits that I receive by issuing and attempting to enforce three (3) retraining notices to Unum Group to be used to satisfy the Hamway Judgment. Hamway Group's attorney, Storch, is withholding nearly $200,000 of my disability benefits, which he refuses to turnover to me.

23. Hamway Group first issued a Restraining Notice dated August 17, 2018 to Unum Group, which was subsequently withdrawn. Thereafter Hamway Group issued a second restraining notice dated July 8, 2021 to Unum Group, which resulted in Unum Group not sending me my monthly disability benefits. After I filed a motion to vacate, the Hamway Group agreed to withdraw the second restraining notice. Just two months later, the Hamway Group issued its third restraining notice dated October 8, 2021, prompting me to file another motion to vacate on November 3, 2021. Hamway Group opposed the motion to vacate, which was initially denied by the trial court, but on November 3, 2022 reversed on appeal (1st Dept., Case No. 2022-00267) and

6

Hamway Group was limited to restraining 10% of the disability insurance benefits under CPLR 5231(b). Hamway Group filed a notice of appeal to the Court of Appeals, which was dismissed.

24. On October 24, 2023, I filed a motion for restitution to compel Hamway Group's counsel, Storch, to release my disability benefits that he was supposedly holding in his escrow account, in the approximate amount of $196,560 (the "Escrowed Funds"). Hamway Group opposed my motion and cross-moved for an evidentiary hearing to determine the amount of the Escrowed Funds to be remitted to me, and for an installment plan.[3] My motion for restitution was granted by order dated April 19, 2024, which was subsequently appealed by Hamway Group (1st Dept. 2024-02913). The Appellate Division issued a decision dated March 10, 2025 which remanded my motion for restitution back to the trial court for a determination of the merits on its own discretion. The Hamway Action is still an opening proceeding pending the determination of my disability benefits held in the Escrowed Funds.

25. Thereafter, on March 24, 2025, Hamway Group filed a motion seeking to hold myself and my wife, Alisa Sutton, in contempt for failure to comply with a subpoena. This motion was withdrawn against my wife with leave to file a special proceeding, and denied as moot against me since I had complied with the subpoena.

26. Not to be discouraged, on November 6, 2025, the Hamway Group filed a special proceeding to hold my wife seeking contempt for failure to comply with a subpoena, which is captioned *Freida Hamway, et al. v. Alisa Sutton*, No. 164541/2025 (Sup. Ct. N.Y. Co.) (the "Alisa Action"), which is now another pending action by the Hamway Group.

27. Also on November 6, 2025, the Hamway Group filed another special proceeding

---

[3] Hamway Group's request for an installment plan suggests that the Escrowed Funds are actually not being held in an escrow by Hamway Group's attorney and if they were improperly released, would be a violation of the New York Rules of Professional Conduct.

against my attorney seeking contempt for failure to comply with a subpoena, which is captioned *Freida Hamway, et al. v. Eric S. Landau*, No. 164545/2025 (Sup. Ct. N.Y. Co.) (the "<u>Landau Action</u>"), which is now another pending action by the Hamway Group.

28.     Between all the litigation in the Hamway Action and Marcal Action, the litigation and disputes regarding subpoena compliance, and any other post-judgment collection proceedings the Hamway Group may commence, there is no end in sight and the litigation could easily continue for several years. The relentless litigation spearheaded by the Hamway Group and the withholding of my disability benefits have caused me to incur hundreds of thousands of dollars in legal fees and to become delinquent on my mortgages, causing them to go into foreclosure.

29.     I can no longer afford to defend against the Hamway Group's vexatious litigation, which appears unending. I believe their attorney is working on a contingency or success-based fee, and that their "gatekeeper" intermediary, Joe Tawil, is also being compensated. Before filing this Chapter 11 Case, I offered to sell my house in Allenhurst, New Jersey, but received no response.

30.     In the interest of ending the litigation with the Plaintiffs, I decided to file for chapter 11 bankruptcy relief with the hopes to put an end to the litigation with the Hamway Group, stop the foreclosure proceedings pending against my homes, and recover my disability benefits, so that I can restructure my debts and propose a plan of reorganization. I believe that the needs and interest of my creditors will be best served by my continued possession of my property and management of my affairs as a debtor-in-possession under Chapter 11 until confirmation of a plan.

**Local Rule 1007-4(a)(iv)**

31.     This case was not originally commenced under Chapter 7 or Chapter 13 of the Bankruptcy Code.

**Local Rule 1007-4(a)(v)**

32.     Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 Case.

**Local Rule 1007-4(a)(vi)**

33.     A list of the names and addresses of my 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in §101(31) of the Bankruptcy Code is annexed hereto as Exhibit A.

**Local Rule 1007-4(a)(vii)**

34.     Below is a list of the names and addresses of my 5 largest secured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in §101(31) of the Bankruptcy Code:

| Creditor | Collateral | Amount of Claim |
|---|---|---|
| Hamway, Jemal, Paskie, Maslaton, Sitt c/o Storch Byrne LLP 437 Madison Ave, 24th Floor New York, NY 10022 | 1575 E4th Street, Bklyn, NY 1576 E5th Street, Bklyn, NY 223 Corlies Ave, Allenhurst, NJ | $4,902.825.55 |
| US Bank Trust NA, as Trustee c/o McCalla Raymer Leibert Pierce LLP 420 Lexington Ave, Ste 840 New York, NY 10170 | 1576 E5th Street, Bklyn, NY | $2,469,249.00 |
| US Bank Trust NA, as Trustee c/o Romano Garubo & Argentieri 52 Newton Avenue/P.O. Box 456 Woodbury, NJ 08096 | 223 Corlies Ave, Allenhurst, NJ | $1,802,327.00 |
| US Bank Trust NA, as Trustee 3501 Olympus Blvd Suite 500 Coppell, TX 75019 | 1575 E4th Street, Bklyn, NY | $735,751.00 |
| Estate of Leon Tawil 1619 East 4th Street Brooklyn, NY 11230 | 1575 E4th Street, Bklyn, NY 1576 E5th Street, Bklyn, NY | $438,310.70 |

**Local Rule 1007-4(a)(viii)**

35.     A summary of my assets and liabilities will be filed with my Schedules of Assets and Liabilities.

**Local Rule 1007-4(a)(ix)**

36. I am an individual debtor, so there are no publicly held securities of the Debtor.

**Local Rule 1007-4(a)(x)**

37. None of my property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-4(a)(xi)-(xii)**

38. I do not lease any premises. I own the real property listed below:

> 1576 E5th Street, Brooklyn, New York 11230
> 1575 E4th Street, Brooklyn, New York 11230
> 223 Corlies Avenue, Allenhurst, New Jersey

39. 1576 E5th Street is my primary residence, where my personal property, books and records are located.

**Local Rule 1007-4(a)(xiii)**

40. A list of legal proceedings currently pending against me or my property is annexed hereto as Exhibit B.

**Local Rule 1007-4(a)(xiv)-(xvi)**

41. I manage my own affairs. I do not have any employees and so I have no payroll obligations.

**Local Rule 1007-4(a)(xvii)**

42. My 30 day budget of income and expenses is annexed as Exhibit C.

**Local Rule 1007-4(a)(xviii)**

43. A schedule of my current insurance policies is annexed as Exhibit D.

**Local Rule 1007-4(a)(xix)**

44. A schedule of my bank accounts is annexed as Exhibit E.

**CONCLUSION**

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the foregoing is

true and correct.

Dated: Scarsdale, New York
     June 11, 2026

                    */s/ Isaac C. Sutton*
                    Isaac C. Sutton

Exhibit "A"

| Debtor 1 | Isaac C Sutton | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:     EASTERN DISTRICT OF NEW YORK

Case number     1:26-bk-42788
(if known)

☐ Check if this is an
amended filing

## B 104

# For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims Against You and Are Not Insiders     **12/15**

If you are an individual filing for bankruptcy under Chapter 11, you must fill out this form. If you are filing under Chapter 7, Chapter 12, or Chapter 13, do not fill out this form. Do not include claims by anyone who is an insider. Insiders include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20 percent or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor.   11 U.S.C. § 101.   Also, do not include claims by secured creditors unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.

**Part 1:**     **List the 20 Unsecured Claims in Order from Largest to Smallest.   Do Not Include Claims by Insiders.**

|  |  | **Unsecured claim** |
|---|---|---|

**1**

Amex
PO Box 981537
El Paso, TX 79998-1537

**What is the nature of the claim?** _____     $4,852.00

**As of the date you file, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☒ None of the above apply

**Does the creditor have a lien on your property?**
☒ No
☐ Yes. Total claim (secured and unsecured)     _____

_____

_____
Contact

(800) 528-4800
Contact phone

Value of security:     - _____
Unsecured claim     _____

---

**2**

Borough of Allenhurst
125 Corlies Avenue
Allenhurst, NJ 07711

**What is the nature of the claim?** _____     $1,000.00

**As of the date you file, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☒ None of the above apply

**Does the creditor have a lien on your property?**
☒ No
☐ Yes. Total claim (secured and unsecured)     _____

_____

_____
Contact

(732) 531-2757
Contact phone

Value of security:     - _____
Unsecured claim     _____

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

| 3 | Cohen Tauber Spievack & Wagner PC<br>420 Lexington Ave #2400<br>New York, NY 10170 | **What is the nature of the claim?** | Legal Fees | $500,000.00 |

**As of the date you file, the claim is:** Check all that apply
- ☒ Contingent
- ☒ Unliquidated
- ☒ Disputed
- ☐ None of the above apply

**Does the creditor have a lien on your property?**

(212) 586-5800

Contact

Contact phone

- ☒ No
- ☐ Yes. Total claim (secured and unsecured)
  - Value of security:      -
  - Unsecured claim

| 4 | Estate of Leon Tawil<br>1619 East 4th Street<br>Brooklyn, NY 11230 | **What is the nature of the claim?** | Judgment | $2,816,226.30 |

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☒ None of the above apply

**Does the creditor have a lien on your property?**

Contact
(516) 747-0300
Contact phone

- ☐ No
- ☒ Yes. Total claim (secured and unsecured)      $3,254,537.00
  - Value of security:      -  $438,310.70
  - Unsecured claim      $2,816,226.30

| 5 | Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | **What is the nature of the claim?** | Income Taxes | $75,000.00 |

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☒ None of the above apply

**Does the creditor have a lien on your property?**

Contact
"718) 834-3592
Contact phone

- ☒ No
- ☐ Yes. Total claim (secured and unsecured)
  - Value of security:      -
  - Unsecured claim

| 6 | Jersey Central Power & Light<br>PO Box 16001<br>Reading, PA 19612-6001 | **What is the nature of the claim?** | | $437.06 |

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☒ None of the above apply

**Does the creditor have a lien on your property?**

B 104 (Official Form 104)    For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    Page 2

Software Copyright (c) 1996-2026 Best Case, LLC    - www.bestcase.com                                    Best Case Bankruptcy

Contact
☒ No
☐ Yes. Total claim (secured and unsecured)
(800) 662-3115
                Value of security:                    -
Contact phone
                Unsecured claim

---

**7**

Jpmcb
PO Box 15369
Wilmington, DE 19850-5369

**What is the nature of the claim?** _____    $9,247.00

**As of the date you file, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☒ None of the above apply

**Does the creditor have a lien on your property?**
☒ No
☐ Yes. Total claim (secured and unsecured)    _____

Contact

(800) 221-0051
                Value of security:                    -    _____
Contact phone
                Unsecured claim                         _____

---

**8**

Maimonides Medical Center
c/o William A. Hecht, Esq.
901 N Broadway Ste 3B
White Plains, NY 10603

**What is the nature of the claim?**    Medical bill    $5,000.00

**As of the date you file, the claim is:** Check all that apply
☒ Contingent
☒ Unliquidated
☒ Disputed
☐ None of the above apply

**Does the creditor have a lien on your property?**
☒ No
☐ Yes. Total claim (secured and unsecured)    _____

Contact
(914) 946-0647
                Value of security:                    -    _____
Contact phone
                Unsecured claim                         _____

---

**9**

Marcal Finance SA, et al
c/o Storch Byrne LLP
437 Madison Avenue, 24th Floor
New York, NY 10022

**What is the nature of the claim?**    Civil Claim    $0.00

**As of the date you file, the claim is:** Check all that apply
☒ Contingent
☒ Unliquidated
☒ Disputed
☐ None of the above apply

**Does the creditor have a lien on your property?**
☒ No
☐ Yes. Total claim (secured and unsecured)    _____

Contact
I(212) 931-1005
                Value of security:                    -    _____
Contact phone
                Unsecured claim                         _____

---

**10**

National Grid
2 Hanson Place
Brooklyn, NY 11217

**What is the nature of the claim?** _____    $1,793.49

**As of the date you file, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

B 104 (Official Form 104)    **For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**    **Page 3**

Software Copyright (c) 1996-2026 Best Case, LLC    - www.bestcase.com    Best Case Bankruptcy

☒ None of the above apply

**Does the creditor have a lien on your property?**

☒ No
☐ Yes. Total claim (secured and unsecured)
    Value of security:    -
    Unsecured claim

Contact
(718)643-4050
Contact phone

---

**11**

NJ Natural Gas
1415 Wyckoff Road
PO Box 1464
Belmar, NJ 07719

**What is the nature of the claim?**    $67.05

**As of the date you file, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☒ None of the above apply

**Does the creditor have a lien on your property?**

☒ No
☐ Yes. Total claim (secured and unsecured)
    Value of security:    -
    Unsecured claim

Contact
(800) 221-0051
Contact phone

---

**12**

NYC Dept. of Finance
345 Adams Street, 3rd Floor
Brooklyn, NY 11201

**What is the nature of the claim?**    $4,457.77

**As of the date you file, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☒ None of the above apply

**Does the creditor have a lien on your property?**

☒ No
☐ Yes. Total claim (secured and unsecured)
    Value of security:    -
    Unsecured claim

Contact
(212) 748-4329
Contact phone

---

**13**

NYC Environmental Control Board
66 John St #10
New York, NY 10038

**What is the nature of the claim?**    $605.00

**As of the date you file, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☒ None of the above apply

**Does the creditor have a lien on your property?**

☒ No
☐ Yes. Total claim (secured and unsecured)
    Value of security:    -
    Unsecured claim

Contact
(212) 933-3005
Contact phone

---

**14**

NYS Dept. of Taxation & Finance
Bankruptcy/ Special Procedures

**What is the nature of the claim?**    Income Taxes    $10,044.81

**As of the date you file, the claim is:** Check all that apply
☐ Contingent

B 104 (Official Form 104)    For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    **Page 4**

Software Copyright (c) 1996-2026 Best Case, LLC   - www.bestcase.com    Best Case Bankruptcy

|  |  |  |
|---|---|---|
| Section<br>PO Box 5300<br>Albany, NY 12205-0300 | ☐ | Unliquidated |
|  | ☐ | Disputed |
|  | ☒ | None of the above apply |

**Does the creditor have a lien on your property?**

|  |  |  |  |
|---|---|---|---|
| Contact<br>(518) 457-3160<br>Contact phone | ☒ | No |  |
|  | ☐ | Yes. Total claim (secured and unsecured) | |
|  |  | Value of security: | - |
|  |  | Unsecured claim | |

---

**Part 2:** **Sign Below**

**Under penalty of perjury, I declare that the information provided in this form is true and correct.**

X    /s/ Isaac C Sutton                                          X    _____

Isaac C Sutton                                                      Signature of Debtor 2
Signature of Debtor 1


Date    June 11, 2026                                          Date    _____

Software Copyright (c) 1996-2026 Best Case, LLC    - www.bestcase.com                                                                          Best Case Bankruptcy

Exhibit "B"

## In re Isaac C.Sutton
## EDNY Case No. 26-42788-JMM
## Exhibit B - LBR 1007-4(a)(xiii)
## PENDING LAWSUITS

| Case Title | Court | Case No. | Nature of Case | Status |
|---|---|---|---|---|
| *Frieda Hamway et al. v. Isaac Sutton et al.* | NY County Supreme | 653336/2015 | Civil Claims | Pending, Judgment entered, enforcement litigation |
| *Frieda Hamway et al. v. Alisa Sutton* | NY County Supreme | 164541/2025 | Claim against Debtor | Pending |
| *Frieda Hamway et al. v. Eric S. Landau* | NY County Supreme | 164545/2025 | Claim against Debtor | Pending |
| *Marcal Finance SA et al. v. Isaac Sutton et al.* | NY County Supreme | 653351/2015 | Civil Claims | Pending |
| *Estate of Leon Tawil v. Isaac M. Sutton* | NY County Supreme | 653633/2015 | Civil Claims | Judgment entered |
| *Acheron Portfolio Trust v. Isaac Sutton* | Kings County Supreme | 514365/2019 | Civil Claims | Judgment entered |
| *Donna Karim v. Isaac Sutton et al.* | Kings County Supreme | 529537/2024 | Civil Claims | Pending |
| *10839 Associates v. Middlegate Insurance Agency, LLC et al.* | NY County Supreme | 655557/2018 | Civil Claims | Pending |
| *HSBC Bank USA, N.A. v. Isaac M. Sutton et al.* | Kings County Supreme | 502797/2016 | Foreclosure -1576 E 5th Street | Pending |
| *U.S. Bank Trust / RCF 2 Acquisition Trust v. Isaac Sutton, Alisa Sutton, et al.* | Superior Court of NJ - Monmouth Chancery | F-003311-23 | Foreclosure - 223 Corlies | Pending |

Exhibit "C"

**In re Isaac C.Sutton**
**EDNY Case No. 26-42788-JMM**
**Exhibit C - LBR 1007-4(a)(xvii)**
**30 DAY BUDGET**

| INCOME | | |
|---|---|---|
| Disability Benefit | $ | 20,000.00 |
| Spouse Income | $ | - |
| Other deposits - 1575 E 4th | $ | 7,000.00 |
| **TOTAL HOUSEHOLD INCOME** | **$** | **27,000.00** |
| | | |
| **EXPENSES** | | |
| 1575 E 4th Street - Mortgage | $ | 4,847.14 |
| 1576 E 5th Street - Mortgage | $ | 13,154.05 |
| 223 Corlies Ave - Mortgage | $ | - |
| Home Maintenance | $ | 1,000.00 |
| Utilities | $ | 1,500.00 |
| AIG Insurance Policies | $ | 2,000.00 |
| Phone, Internet, streaming and cable services | $ | 500.00 |
| Food and housekeeping supplies | $ | 1,500.00 |
| Online Purchases | $ | 500.00 |
| Medical and dental expenses | $ | 800.00 |
| Transportation | $ | 600.00 |
| Household cleaning help | | |
| Wife's Credit card payments | | |
| Miscellaneous | | |
| Spouse Car Payment | $ | 400.00 |
| **TOTAL HOUSEHOLD EXPENSES** | **$** | **26,801.19** |
| | | |
| **MONTHLY NET INCOME** | **$** | **198.81** |

Exhibit "D"

**In re Isaac C.Sutton**
**EDNY Case No. 26-42788-JMM**
**Exhibit D: LBR 1007-4(a)(xviii)**
**INSURANCE**

| Coverage/Property | Carrier | Policy No | Expiration Date |
|---|---|---|---|
| Homeowners - 1575 E4th St | AIG Property Casualty Co | PCG 0020563194 | 1/1/27 |
| Homeowners - 1576 E5th St | AIG Property Casualty Co | PCG 0020563191 | 1/1/27 |
| Homeowners - 223 Corlies | AIG Property Casualty Co | PCG 0011159878 | 1/1/27 |
| Flood - 223 Corlies | Philadelphia Ins. Co. | 87052676972021 | 10/18/26 |
| Excess | AIG Property Casualty Co | PCG 0066809905 | 1/1/27 |
| Art & Jewelry | AIG Property Casualty Co | 15129943 | 1/1/27 |
| Disability | Unum Provident Corp | 0102787021002 | |
| Disability | Unum Provident Corp | 7887720002 | |

Exhibit "E"

**In re Isaac C.Sutton**
**EDNY Case No. 26-42788-JMM**
**Exhibit E: LBR 1007-4(a)(xix)**
**BANK ACCOUNTS**

| Depository Name | Account Name | Account Number | Type of Account |
|---|---|---|---|
| JPMorgan Chase Bank, N.A. | Isaac M Sutton | ****1209 | Checking |
| Cross River | Isaac M Sutton | ****8017 | Checking |
| | Alisa Sutton | | |
| Cross River | Isaac M Sutton | ****7317 | Checking |