KIRBY AISNER & CURLEY LLP
*Proposed Attorneys for Debtor Isaac Sutton*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500
Julie Cvek Curley, Esq.
Email: JCurley@kacllp.com

**HEARING DATE AND TIME:**
**September 23, 2026 at 11:30 a.m.**

**OBJECTION DEADLINE:**
**September 16, 2026**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

In re:

      ISAAC C. SUTTON,

                        Debtor.

-------------------------------------------------------------------X

Chapter 11
Case No. 26-42788 (JMM)

### DEBTOR'S MOTION FOR AN ORDER DECLARING (I) THE AUTOMATIC STAY APPLIES TO THE LANDAU ACTION AND ALISA ACTION, AND (II) THE STATE COURT DECISION IN LANDAU ACTION *VOID AB INITIO*

**TO:   THE HONORABLE JIL MAZER-MARINO,**
       **CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Isaac C. Sutton, the above captioned debtor and debtor-in-possession (the "Debtor"), by

his proposed attorneys, Kirby Aisner & Curley, LLP, files this motion (the "Motion") for the entry

of an order ("Order") (i) declaring that the automatic stay imposed by 11 U.S.C. §362(a)(1) stays

the New York State Supreme Court proceedings *Frieda Hamway, et al., v. Eric S. Landau*, Index

No. 164545/2025 (Sup. Ct. N.Y. Co.)(the "Landau Action") and *Frieda Hamway, et al., v. Alisa

Sutton*, Index No. 164541/2025 (Sup. Ct. N.Y. Co.)(the "Alisa Action"), and (ii) declaring that the

Decision and Order dated July 13, 2026 (the "State Court Decision") entered in the Landau Action

holding that the automatic stay does not apply was entered without jurisdiction and is therefore

*void ab initio*, null, void, and of no force or effect. In support of this Motion, the Debtor relies

upon and incorporates by reference the *Declaration of Isaac C. Sutton Pursuant to E.D.N.Y. Local*

*Bankruptcy Rule 1007-4* (the "<u>Sutton</u> <u>Declaration</u>", ECF No. 8),[1] and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.        Prior to filing his Chapter 11 Case,[2] in 2018 a judgment was entered against the Debtor in favor of Frieda Hamway, and her four daughters, Rachelle Jemal, Judith Susan Paskie, Gail Maslaton, and Joan Sitt (collectively, the "<u>Hamway Group</u>") in the amount of $4,902,825.55 (the "<u>Hamway Judgment</u>"). Since the entry of the Hamway Judgment, for the past 8 years, the Hamway Group has conducted extensive discovery in an attempt to uncover what the Hamway Group believes are hidden assets. To date, their efforts have been unsuccessful because the Debtor does not have any hidden assets. Based on the premise that the Debtor could not afford to pay his attorneys and monthly expenses from his monthly disability benefits, the Hamway Group commenced the Landau Action and Alisa Action to enforce compliance with subpoenas served on the Debtor's attorney, Eric S. Landau ("<u>Landau</u>") and the Debtor's wife, Alisa Sutton ("<u>Alisa</u>") in hopes of discovering secret, hidden assets. After the Debtor's Chapter 11 Case was filed, a notice was filed in the Landau Action and Alisa Action advising of the bankruptcy filing and the imposition of the automatic stay in the Landau Action and Alisa Actions, which actions are solely related to the collection of the Hamway Judgment against the Debtor. Notwithstanding, the State Court Decision was entered, which held that the Landau Action is not stayed by virtue of the Debtor's Chapter 11 Case.

2.        The Bankruptcy Court has original and exclusive jurisdiction to render decisions terminating, annulling, or modifying the automatic stay, which is a core proceeding under the

---

[1] A copy of the Sutton Declaration is filed together with this Motion.
[2] Capitalized terms used in this Preliminary Statement not defined shall have the meaning ascribed to them hereinbelow.

2

Bankruptcy Code. The State Court has no jurisdiction to issue any decisions terminating the automatic stay, and since the State Court Decision improperly terminated the automatic stay, it is *void ab initio*.

3.      Accordingly, the Debtor seeks entry of an order declaring the State Court Decision improperly terminated the automatic stay without requisite jurisdiction, and accordingly is *void ab initio*, null, void, and of no force or effect.

## JURISDICTION AND VENUE

4.      The United States Bankruptcy Court for the Eastern District of New York (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory predicates for the relief requested herein are sections 105(a) and 362(a) of title 11 of the United States Code (the "Bankruptcy Code"), and 28 U.S.C. §§ 157 and 1334.

## BACKGROUND

6.      On June 5, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (Brooklyn Division) (the "Chapter 11 Case"). Thereafter, the instant proceeding was referred to your Honor for administration under the Bankruptcy Code.

7.      The Debtor has continued in possession of his property and the management of his business affairs as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been heretofore appointed in this Chapter 11 Case.

**Pre-Petition Litigation**

8.      On October 6, 2015, the Hamway Group commenced an action against the Debtor and others, *inter alia*, related to the investments on behalf of the Hamway Group captioned *Frieda Hamway, et al. v. Isaac Sutton, et al.,* No. 653336/2015 (Sup. Ct. N.Y. Co.)(the "Hamway Action") in connection with a settlement agreement related to claims the Hamway Group asserted against the Debtor's father for advice he had given regarding investments the Hamway Group had inherited (the "Settlement Agreement"). Since the health of the Debtor's father was deteriorating, the Debtor ultimately signed the Settlement Agreement even though he was not involved in the investments.

9.      Following an Arbitration Proceeding on the Settlement Agreement which resulted in an Arbitration Award of $3,618,642.00 in favor of the Hamway Group, the Hamway Group sought confirmation of the Arbitration Award in the Hamway Action, which resulted in the entry of the Hamway Judgment on May 2, 2018. A copy of the Hamway Judgment is annexed hereto as **Exhibit A**.

10.      Since the entry of the Hamway Judgment, for the past 8 years, the Hamway Group has conducted extensive discovery in an attempt to uncover what the Hamway Group believes are hidden assets. To date, their efforts have been unsuccessful because the Debtor does not have any hidden assets.

11.      Based on speculation that the Debtor could not afford to pay attorneys from his monthly disability benefits, the Hamway Group served upon Landau a Post Judgment Subpoena Duces Tecum and Ad Testificandum dated March 6, 2025 (the "Landau Subpoena") to obtain information regarding the source of funds paid by or on behalf of the Debtor to Landau and the manner in which he was paid. A copy of the Landau Subpoena is annexed hereto as **Exhibit B**.

4

12. In addition, based on speculation that the Debtor would not be able to pay his monthly expenses from his disability benefits alone and must be hiding funds, the Hamway Group served upon Alisa a Post Judgment Subpoena Duces Tecum and Ad Testificandum dated January 9, 2024 (the "Alisa Subpoena") to obtain information about Alisa's personal finances. A copy of the Alisa Subpoena is annexed hereto as **Exhibit C**.

13. On November 6, 2025 (8 months after the issuance of the Landau Action), the Hamway Group commenced the Landau Action to enforce compliance with the Landau Subpoena served on the Debtor's attorney which seeks disclosure of the source of any funds paid by or on behalf of the Debtor to Landau and the manner of payment.

14. Also on November 6, 2025 (22 months after the issuance of the Alisa Subpoena), the Hamway Group commenced the Alisa Action against the Debtor's wife, Alisa Sutton, also to enforce compliance with the Alisa Subpoena.

15. After the Debtor's Chapter 11 Case was filed, on June 12, 2026, notices (the "Notices of Bankruptcy") were filed in the Landau Action and Alisa Action advising of the filing of the Chapter 11 Case and the imposition of the automatic stay of the actions, which are solely related to the collection of the Hamway Judgment against the Debtor. A copy of the Notices of Bankruptcy filed in the Landau Action and Alisa Action are annexed hereto as **Exhibit D**.

16. The Notices of Bankruptcy specifically cited *FDIC v. Hirsch* (*In re Colonial Realty Company*), 980 F.2d 125 (2d Cir.1992) with the Second Circuit Court of Appeals holding that proceedings commenced by creditors of a debtor against third parties to recover a claim against the debtor are automatically stayed by section 362(a)(1) of the Bankruptcy Code.

17. Notwithstanding, on July 13, 2026, the State Court Decision was entered in the Landau Action holding that the Landau Action is not stayed by virtue of the Debtor's Chapter 11

Case. A copy of the State Court Decision is annexed hereto as **Exhibit E.**

<u>**RELIEF REQUESTED AND BASIS FOR RELIEF**</u>

18.    By this Motion, the Debtor respectfully requests entry of the order (i) declaring that the automatic stay imposed by section 362(a)(1) of the Bankruptcy Code stays both the Landau Action and Alisa Action, and (ii) declaring that the State Court Decision entered in the Landau Action holding that the automatic stay does not apply to the Landau Action was entered without jurisdiction and is therefore *void ab initio*, null, void, and of no force or effect.

**A.   <u>The Automatic Stay Applies to the Landau Action</u>**

19.    Subject to a number of specific exceptions not applicable here, the filing of a voluntary bankruptcy petition operates as an automatic stay applicable against all persons and entities, prohibiting, *inter alia*, the continuation of judicial proceedings to recover a claim against the debtor. 11 U.S.C. § 362(a)(1).

20.    "The automatic stay serves a number of purposes: providing debtors with a fresh start, protecting the assets of the estate, and ' allowing the bankruptcy court to centralize disputes concerning the estate." *MBNA Am. Bank, N.A. v. Hill*, 436 F. 3d 104, 109 (2nd Cir. 2006).

21.    In *Colonial Realty*, the Second Circuit court analyzes the scope of section 362(a)(1) of the Bankruptcy Code which stays actions to recover claims against the debtor. *Colonial Realty,* 980 F.2d at 131-32. In making its decision, the crux of the determination was whether the plaintiff would have any independent claim against the third party but for and unrelated to the claim against the debtor. *Id.* The Court held that if there is no claim that is unrelated to the claim against debtor, then the action is stayed:

> In the Florida Action, the FDIC is clearly seeking to recover a claim against [the debtor]. The complaint filed by the FDIC in that case specifically alleges that [the debtor] is liable to the FDIC as a result of loans made by the failed banks, and that the named defendants are liable as fraudulent

6

> transferees of [the debtor]. Thus, if [the debtor] were not liable to the FDIC on the bank loans, the FDIC would have no independent claim against these defendants. We conclude that although the Florida Action is not an "act to obtain possession of property of the estate" within the meaning of § 362(a)(3) or an "action ... against the debtor" within the meaning of § 362(a)(1), it is an "action … to recover a claim against the debtor" within the meaning of §362(a)(1). The Florida Action is therefore subject to the automatic stay.

*Id.*

22.    The State Court Decision found:

> *Isaac Sutton's subsequent Chapter 11 filing does not affect this proceeding, because this is not an action against a debtor or a third party to recover property pursuant to a judgment. It is an action to compel the Respondent's personal compliance with a subpoena. (cf. FDIC v Hirsch (In re Colonial Realty Co.), 980 F2d 125 [2d Cir 1992]).*

*See State Court Decision*, Page 3.

23.    Although the State Court Decision cites to "*cf. Colonial Realty*" and relies upon that decision in making the determination, the analysis incorrectly stops after determining that the Landau Action is not an action to recovery property of the Debtor, which is the application of section 362(a)(3) of the Bankruptcy Code.

24.    However, as set forth in the Notices of Bankruptcy filed by the Debtor, the applicable subsection if 362(a)(1) which stays proceedings to recover claims against a debtor.

25.    In *Colonial Realty,* the Second Circuit Court initially analyzed the imposition of the automatic stay on actions against third parties to recover property of a debtor's estate pursuant to section 362(a)(3), but also proceeding to analyze actions against third parties to recover a claim against a debtor pursuant to section 362(a)(1). *Colonial Realty,* 980F.2d at 130-32.

26.    Had the state court examined the application of section 362(a)(1), which stays proceedings to "recover a claim against the debtor", undoubtedly the results would have been a determination that the automatic stay applies to the Landau Action.

7

27.    The Landau Subpoena states:

> WHEREAS, this Information Subpoena concerns and relates to Judgment Creditors' enforcement of the judgment against the Judgment Debtor; and that the reason this Information Subpoena is served is that the Judgment Creditors have a reasonable belief that you have information concerning the Judgment Debtor's financial affairs…

*See Landau Subpoena,* Page 2.

28.    It is unequivocal that the Landau Action to enforce the Landau Subpoena is based entirely on the Hamway Judgment and the Hamway Group's efforts to collect its claim against the Debtor. There is no other claim the Hamway Group has against Landau in the Landau Action that is unrelated to the Hamway Judgment, which is a claim against the Debtor, which is automatic stayed under section 362(a)(1) of the Bankruptcy Code.

### B. Bankruptcy Courts Have Original and Exclusive Jurisdiction to Terminate the Automatic Stay

29.    By deciding that the automatic stay did not apply when in fact it does, the state court essentially "annulled" the automatic stay. *In re Enron Corp.,* 306 B.R. 465, 477 (Bankr.S.D.N.Y.2004).

30.    The state court is entirely without jurisdiction to decide issues pertaining to the automatic stay, as the stay issue falls entirely on the application of the Bankruptcy Code and as such is exclusively within the jurisdiction of the federal district courts and by delegation, the bankruptcy courts.

31.    Article 1, Section 8 of the United States Constitution provides Congress with the exclusive power to "To establish a uniform rule of naturalization, and uniform laws on the subject of bankruptcies throughout the United States." Congress has exercised those powers by providing the district courts with "original and exclusive jurisdiction over bankruptcy cases under title 11." See 28 U.S.C. § 1334. (Emphasis added).

8

32.    Congress has further established that "each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district" and that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11." 28 U.S.C. § 157.

33.    The District Court for the Eastern District of New York in accordance with Section 157 has delegated all cases and proceedings in the Eastern District of New York arising under the Bankruptcy Code to the bankruptcy judges for the Eastern District of New York. *See Standing Order of Reference* signed by Chief Judge Carol Bagley Amon dated December 5, 2012 (the "Order of Reference").

34.    Thus, 28 U.S.C. §§1334(a) and 157, in conjunction with the Order of Reference vest the bankruptcy court with original and exclusive jurisdiction over core bankruptcy proceedings.

35.    28 U.S.C. §157(b)(2) specifically provides that core proceedings include determinations to "terminate, annul, or modify the automatic stay." 28 U.S.C. §157(b)(2)(G). Thus, only the bankruptcy court has jurisdiction to annul the automatic stay. *See In re Killmer*, 501 B.R. 208, 215 (Bankr. S.D.N.Y. 2013); *In re Salander-O'Reilly Galleries*, 453 B.R. 106, 114 (Bankr. S.D.N.Y. 2011).

36.    While 1334(b) vests bankruptcy courts with "original but not exclusive jurisdiction" of proceedings "related to a case under title 11," "nothing in [1334(b)] vests the states with any jurisdiction over a core bankruptcy proceeding, including 'motions to terminate, annul, or modify the automatic stay." *Killmer,* 501 B.R. at 214 (citing *Gruntz v. Cnty. of Los Angeles (In re Gruntz),* 202 F.3d 1074, 1083 (9th Cir.2000) (internal citations omitted).

9

37.     Accordingly, the State Court Decision erroneously determined that the automatic stay did not apply which effectively terminated the automatic stay imposed in the Debtor's Chapter 11 Case, without any jurisdictional authority to do so.

C.  **The State Court Decision is Void Ab Initio**

38.     Where a state court has entered a final order, Rooker-Feldman will generally prevent a federal court from entertaining a collateral attack of that order. *See In re Dabrowski,* 257 B.R. 394, 405 (Bankr. S.D.N.Y. 2001). However, there is an exception to that doctrine in cases where a state court acted beyond its power, in which case those acts are subject to collateral attack in a federal court. *Id.* at 406.

39.     The ability of the bankruptcy court to collaterally attack a state court judgment was first stated by the Supreme Court in *Kalb v. Feuerstein,* 308 U.S. 433 (1940):

> It is generally true that a judgment by a court of competent jurisdiction bears a presumption of regularity and is not thereafter subject to collateral attack. But Congress, because its power over the subject of bankruptcy is plenary, may by specific bankruptcy legislation create an exception to that principle and render judicial acts taken with respect to the person or property of a debtor whom the bankruptcy law protects nullities and vulnerable collaterally.

*Kalb,* 308 U.S. at 438–39 (*quoted in Killmer,* 501 B.R. at 213-214).

40.     "[W]hile a state court has jurisdiction to determine the applicability of the automatic stay in the first instance, its jurisdictional determination is subject to collateral attack…an erroneous determination by a state court that the automatic stay does not apply has the effect of modifying the stay, which is uniformly understood to be beyond the state court's power." *In re Benalcazar,* 283 B.R. 514, 529 (Bankr.N.D.Ill.2002).

41.    A State Court's decision that the automatic stay does not apply when in fact it does is improper and void since the Bankruptcy Court has exclusive jurisdiction to annul the automatic stay. *Killmer*, 501 B.R. at 215.

42.    Since the State Court Decision improperly terminated the automatic stay, it did so without jurisdiction and as such the State Court Decision is *void ab initio*.

43.    For the foregoing reasons, the Debtor respectfully submits that entry of an order declaring the State Court Decision holding that the automatic stay does not apply to the Landau Action was entered without jurisdiction and is therefore *void ab initio*, null, void, and of no force or effect, is both necessary and proper.

## NOTICE

44.    Notice of this Motion was given by first class mail to: (i) the Office of the U.S. Trustee for the Eastern District of New York, (ii) all parties in the Landau Action, or their counsel, (iii) all parties in the Alisa Action, or their counsel, and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002.

(The remainder of this page is intentionally left blank.)

11

**WHEREFORE,** for the foregoing reasons, the Debtor respectfully requests that the Court enter an order (i) declaring that the automatic stay imposed by section 362(a)(1) of the Bankruptcy Code stays both the Landau Action and Alisa Action, and (ii) declaring that the State Court Decision entered in the Landau Action holding that the automatic stay does not apply to the Landau Action was entered without jurisdiction and is therefore *void ab initio*, null, void, and of no force or effect, together with such other relief as the Court deems just, proper, and equitable under the circumstances.

Dated:  Scarsdale, New York
        July 30, 2026

KIRBY AISNER & CURLEY LLP
*Proposed Attorneys for Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500

By:  /s/ Julie Cvek Curley
     Julie Cvek Curley, Esq.

12